In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-223 CV


____________________



IN RE POPULAR LEASING USA, INC.







Original Proceeding






MEMORANDUM OPINION


 In this original proceeding, relator, Popular Leasing USA, Inc., seeks mandamus
relief from the respondent's May 12, 2005, order denying relator's motion to dismiss. In
the underlying class action lawsuit, the real party in interest, Party Props, Inc., and three
other plaintiffs, sued relator and three other defendants under a number of theories
including recision of certain equipment rental leases, unreasonable debt collection
practices, injunctive relief, and declaratory judgment. Both relator and Party Props, Inc.
agree that all of the other plaintiffs and defendants have either settled their respective
claims, or have agreed to transfer venue of said claims. 

 Party Props, Inc.'s pleadings allege, inter alia, that the equipment subject to the
equipment rental agreement in question never worked; that relator was aware of relator's
assignor's (Norvergence) fraudulent misrepresentation to Party Props, Inc. that the leased
equipment would work; that in July of 2004, relator's assignor sought Chapter 11
bankruptcy protection of which relator was fully aware; and that the forum selection clause
contained in the equipment rental agreement in question is unenforceable because it does
not provide for a specific venue should either party wish to litigate any issue relating to the
equipment rental agreement. Invoking the forum selection clause in the equipment rental
agreement, relator filed its motion to dismiss for lack of jurisdiction. Respondent later
issued his order denying relator's motion to dismiss.

 A writ of mandamus will issue to correct a clear abuse of discretion when there is
no other adequate remedy at law. See In re FirstMerit Bank, N.A., 52 S.W.3d 749, 753
(Tex. 2001) (orig. proceeding). The trial court abuses its discretion if it reaches a decision
so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. See
Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). When the trial
court's decision rests on resolution of fact issues, the party opposing the trial court's
decision must establish that the court could reasonably have reached only one decision. 
Id. at 840. We find the relator has not demonstrated that the respondent abused his
discretion, nor has relator shown that it is entitled to the relief sought. Accordingly, the
petition for writ of mandamus is denied.

 WRIT DENIED.


 PER CURIAM



Submitted on June 6, 2005

Opinion Delivered August 11, 2005


Before McKeithen, C.J., Kreger and Horton, JJ.